IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| TROY L. FULTON,<br><br>               Plaintiff,<br><br>   v.<br><br>REGIONAL ACCEPTANCE CORPORATION,<br><br>               Defendant. | Civil No. 22-4843 (RMB/AMD)<br><br>**MEMORANDUM OPINION AND ORDER** |

**RENÉE MARIE BUMB, United States District Judge**

      **THIS MATTER** comes before the Court upon the filing of a Complaint and an application to proceed *in forma pauperis* ("**IFP**") by *pro se* Plaintiff Troy L. Fulton ("**Plaintiff**"). [Docket Nos. 1, 4.] For the reasons stated herein, the Court will dismiss Plaintiff's IFP application, without prejudice.

      In the Complaint, Plaintiff alleges that Defendant Regional Acceptance Corporation violated federal law and illegally repossessed Plaintiff's vehicle. [Docket No. 1, at 3, 4.] Plaintiff lists the following federal statutes at issue: the Fair Credit Reporting Act, the Fair Debt Collections Practice Act, the Freedom of Information Act, the Truth in Lending Act, and 42 U.S.C. § 1983. [*Id.* at 3.] Plaintiff seeks actual damages for violations of "federally protected consumer rights" and defamation of character, punitive damages, and "[deletion] from credit files." [*Id.* at 4.]

A non-prisoner applicant who seeks to proceed IFP must submit an affidavit that includes a complete list of the applicant's assets to establish that the applicant is unable to pay the requisite fees. *See* 28 U.S.C. § 1915(a)(1); *Roy v. Penn. Nat'l Ins. Co.*, No. 14-4277, 2014 WL 4104979, at *1, n.1 (D.N.J. Aug. 19, 2014) (collecting cases to establish that, while § 1915 refers to "prisoners," federal courts permit non-prisoners to file IFP applications under the same statute). The decision to grant or deny an IFP application is based upon the economic eligibility of the applicant. *Sinwell v. Shapp*, 536 F.2d 15, 19 (3d Cir. 1976).

In its current state, Plaintiff's IFP application lacks the information necessary for the Court to determine whether Plaintiff is economically eligible to proceed IFP. While Plaintiff indicates that he has been unemployed since 2020, Plaintiff does not list his current assets, expenses, or liabilities, aside from an installment payment for a motor vehicle. [Docket No. 1, at 1–5.] Also, Plaintiff states that he has spent, or will be spending, money on expenses or attorney fees in conjunction with this lawsuit but has not identified the monetary value of such expenses. [*Id.* at 5.]

For the Court to determine whether the Plaintiff is economically eligible to proceed IFP, the Plaintiff must submit a new IFP application with greater detail. In his new application, Plaintiff must list his expenses, assets, and liabilities. Further, Plaintiff must provide—with specificity—the amount of money that he has already spent, or will be spending, for any expenses or attorney fees in conjunction with this lawsuit. Without such information, the Court cannot conclude that Plaintiff is

eligible to proceed IFP and must, therefore, deny his application. *See* 28 U.S.C. § 1915; *Sinwell*, 536 F.2d at 19.

The Court also cautions Plaintiff that it may dismiss the Complaint for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) because the Complaint is vague, ambiguous, and conclusory. The Court holds *pro se* complaints to a less stringent standard than pleadings drafted by attorneys. *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972). However, even when applying liberal pleading standards, the Court is unable to determine a factual basis for Plaintiff's claims. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Thus, the Court urges Plaintiff to revise his Complaint to allege sufficient facts for the Court to ascertain the factual basis for his claims and requested relief.

**THEREFORE**, for the reasons stated above, **IT IS** on this **5th** day of **October, 2022** hereby:

**ORDERED** that Plaintiff's IFP Application [Docket No. 4] is **DISMISSED WITHOUT PREJUDICE**; and it is further

**ORDERED** that the Clerk of the Court is directed to mail Plaintiff a copy of this Order and a blank IFP application; and it is further

**ORDERED** that Plaintiff must complete the new IFP application, in full, with all necessary details and explanations and file it with the Court no later than **Friday, November 4, 2022**; and it is further

**ORDERED** that the Clerk of Court shall **ADMINISTRATIVELY TERMINATE** this matter pending the receipt of Plaintiff's revised IFP application.

s/Renée Marie Bumb
Renée Marie Bumb
United States District Judge
