[Docket No. 1]

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

TROY L. FULTON,

           Plaintiff,

  v.

REGIONAL ACCEPTANCE CORPORATION,

           Defendant.

Civil No. 22-4843 (RMB/AMD)

**OPINION**

**RENÉE MARIE BUMB, United States District Judge**

    **THIS MATTER** comes before the Court upon the filing of a Complaint and an amended application to proceed *in forma pauperis* ("**IFP**") by *pro se* Plaintiff Troy L. Fulton ("**Plaintiff**"). [Docket Nos. 1 (Compl.) & 7 (Am. IFP Application).] In the Complaint, Plaintiff attempts to set forth causes of action under the Fair Credit Reporting Act ("**FCRA**"), Fair Debt Collection Practices Act ("**FDCPA**"), Freedom of Information Act ("**FOIA**"), Truth in Lending Act ("**TILA**"), and 42 U.S.C. § 1983. [*See* Compl. 3.] In support, he seems to allege that Defendant Regional Acceptance Corporation ("**Defendant**") unlawfully repossessed his vehicle. [*See id.* at 4.]

    Previously, the Court denied Plaintiff's IFP Application because he failed to complete it, and the Court took the opportunity to encourage Plaintiff to revise his Complaint because it contained especially limited legal and factual details. [Docket No. 6, at 3.] Now, for the reasons set forth herein, the Court will **GRANT** Plaintiff's

Amended IFP Application and order the Clerk of the Court to open this matter and file the Complaint on the docket. However, because Plaintiff is proceeding IFP, the Court is required to screen his Complaint for *sua sponte* dismissal and finds that it should be **DISMISSED**, **WITHOUT PREJUDICE**.

I. <u>AMENDED IFP APPLICATION</u>

When a non-prisoner files an IFP application seeking permission to file a civil complaint without the prepayment of fees, under 28 U.S.C. § 1915, the applicant is required to submit an affidavit that sets forth his or her assets and attests to the applicant's inability to pay the requisite fees. *See* 28 U.S.C. § 1915(a); *Roy v. Penn. Nat'l Ins. Co.*, 2014 WL 4104979, at *1 n.1 (D.N.J. Aug. 19, 2014) (internal citations omitted). The decision whether to grant or to deny the application should be based upon the economic eligibility of the applicant, as demonstrated by the affidavit. *See Sinwell v. Shapp*, 536 F.2d 15, 19 (3d Cir. 1976). Upon review, the Court finds that Plaintiff, who states that he has no income and does not appear to have worked since 2020, [*see generally* Docket No. 7], has established that he lacks the financial ability to pay the filing fee. Thus, the Court will grant Plaintiff's Amended IFP Application.

II. <u>LEGAL STANDARD FOR *SUA SPONTE* DISMISSAL</u>

Once an IFP application has been granted, the Court is required to screen the complaint and dismiss the action *sua sponte* "if, among other things, the action is frivolous or malicious, or if it fails to comply with the proper pleading standards." *See* 28 U.S.C. § 1915(e)(2)(B)(i)-(iii); *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013).

2

Indeed, the Court must dismiss any claim, prior to service, that fails to state a claim under which relief may be granted under Fed. R. Civ. P. 12(b)(6) or dismiss any defendant who is immune from suit. *See* 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b), and 42 U.S.C. § 1997e(c).

> Federal Rule of Civil Procedure 8(a) requires that a complaint contain:
>
> (1) [A] short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;
>
> (2) [A] short and plain statement of the claim showing that the pleader is entitled to relief; and
>
> (3) [A] demand for the relief sought, which may include relief in the alternative or different types of relief.

FED. R. CIV. P. 8(a).

To survive *sua sponte* screening for failure to state a claim, a complaint must allege "sufficient factual matter" to show that the claim is facially plausible. *Fowler v. UPMS Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Fair Wind Sailing, Inc. v. Dempster*, 764 F.3d 303, 308 n.3 (3d Cir. 2014) (citation omitted). "[A] pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). In screening a complaint to verify whether it meets these standards, however, this Court is mindful of the requirement that *pro se* pleadings must be construed liberally in favor of the plaintiff.

*Haines v. Kerner*, 404 U.S. 519, 520–21 (1972).  A complaint is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989) (interpreting the predecessor of § 1915(e)(2), the former § 1915(d)).  The standard for evaluating whether a complaint is "frivolous" is an objective one.  *Deutsch v. United States*, 67 F.3d 1080, 1086–87 (3d Cir. 1995).

### III.  DISCUSSION

As stated above, Plaintiff attempts to assert causes of action under the FCRA, FDCPA, FOIA, TILA, and 42 U.S.C. § 1983.  [Compl. 3.]  As far as the Court can discern from the facts alleged in Plaintiff's Complaint and the attached letter, Defendant repossessed Plaintiff's Chevrolet Impala to satisfy an outstanding debt, [*see* July 27, 2022 Letter from Def. to Pl., Docket No. 1-2], and Plaintiff believes Defendant's actions were unlawful.  In support of his claims, he states the following:

> ON 5-10-2022 I DECOVER [sic] THAT REGIONAL ACCEPTANCE CORPARATION [sic] WAS IN VIOLATION[] OF FEDERALLY PROTECTED LAWS[.] I SENT IN A[N] AFFIIDAVIT [sic] ADDRESSING THESE VIOLATIONS ALONG WITH A CEASE AND DESIST AND OTHER DOCUMENTS[,] WHICH REGIONAL ACCEPTANCE CORPARATION [sic] RECEIVED ON 5-16-2022. ON 6-29-2022 I RECEIVED A LETTER THEY ARE THREATEN TO REPOING [sic] MY VEHICLE[.] THEN ON 7-26-2022 THEY STOLE MY VEHICLE AND TAKE LEGAL ACTION THAT THEY CANNOT DO."

[Compl. 4.][1]  As relief for the purported violations of the foregoing causes of action, Plaintiff seeks deletion of unidentified information from his credit files,

---

[1] Unfortunately, Plaintiff has not provided a copy of the affidavit or the other documents that he identifies, with the exception of the July 27, 2022 letter from Defendant to Plaintiff.

4

$27,000 for the "consumer rights violations," $15,000 for "defamation of character," and $20,000 as punitive damages. [*Id.*]

As styled, Plaintiff's Complaint must be dismissed. In fulfilling its obligation to screen complaints for *sua sponte* dismissal, the Court identifies two major deficiencies. First, the Court cannot discern what specific legal provisions Defendant allegedly violated, and the statutes at issue contain numerous rights of action and voluminous material. Plaintiff has not identified the provisions of the FCRA (15 U.S.C. § 1681, *et seq.*), FDCPA (15 U.S.C. § 1692, *et seq.*), FOIA (5 U.S.C. § 552), or TILA (15 U.S.C. §§ 1601–1667f) that Defendant allegedly violated, nor has Plaintiff explained how 42 U.S.C. § 1983 applies to Defendant under these circumstances. Without even a "formulaic recitation of the elements" of Plaintiff's causes of action, the Court cannot infer what misconduct to attribute to Defendant.

Second, Plaintiff's factual "Statement of Claim" is devoid of sufficient detail to maintain an action against Defendant. As far as the Court understands, Defendant repossessed Plaintiff's vehicle, which appears to have been collateral for an automobile loan. [*See* July 27, 2022 Letter from Def. to Pl., Docket No. 1-2.] Plaintiff believes Defendant's actions were unlawful. [Compl. 4] But to state a plausible claim under any of the foregoing statutes, Plaintiff must say more about why Defendant's actions were unlawful, and how Plaintiff is entitled to relief. *See Fowler*, 578 F.3d at 210–11 (explaining the pleading standard and identifying how district courts evaluate a plaintiff's claims); FED.

R. CIV. P. 8(a)(2) (providing that a complaint must contain "[a] short and plain statement of the claim *showing* that the pleader is entitled to relief") (emphasis added). Without additional clarity from Plaintiff, this Court cannot satisfy itself that this action is not, simply, frivolous. *See Neitzke*, 490 U.S. at 325 (explaining that a complaint is frivolous if it "lacks an arguable basis either in law or in fact").

## IV. CONCLUSION

As set forth herein, Plaintiff's application to proceed *in forma pauperis* will be **GRANTED**, but Plaintiff's Complaint will be **DISMISSED**, **WITHOUT PREJUDICE**. Plaintiff may seek to file an amended complaint, remedying the deficiencies outlined above, within twenty-one (21) days of this Opinion and the corresponding Order. Additionally, should Plaintiff feel as though this Court has misconstrued his claims, he should clarify and specifically state his causes of action in an amended complaint. An appropriate Order shall issue on this date.

**DATED**: December 28, 202

                                                                s/Renée Marie Bumb
                                                                Renée Marie Bumb
                                                                United States District Judge